[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT #116
The plaintiff, Joseph Loschiavo, filed a three-count amended complaint against the defendants, John Miranda and John Miranda, Jr. The plaintiff alleges that on October 29, 1994, he attempted to place Miranda under arrest during the course of his duties as a Stratford police officer. During the arrest, Miranda, Jr. negligently and recklessly lunged at the plaintiff, injuring him. The plaintiff also alleges that Miranda, as the permittee of the Frog Pond, Inc., where the incidents occurred, negligently supervised his employees.
On February 7, 1996, the defendants filed a third party complaint against their insurance carrier, Penn-America Insurance Company (PAIC), alleging that PAIC has a duty to defend and indemnify the defendants from the plaintiff's claims. PAIC has now filed a motion for summary judgment on the ground that Miranda Jr.'s actions fall outside a provision of the policy which excludes acts constituting assault and battery. The defendants have not filed any objection to the motion for summary judgment. The matter was heard by the court on August 17, 1998.[1]
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . ." (Citations omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 380-81, ___ A.2d ___ (1998).
"[A]n insurer's duty to defend . . . is determined by reference to the allegations contained in the [injured party's] complaint. . . . The duty to defend an insured arises if the complaint states a cause of action which appears on its face to CT Page 10732 be within the terms of the policy coverage. . . . Because [t]he duty to defend has a broader aspect than the duty to indemnify and does not depend on whether the injured party will prevail against the insured . . . [i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." (Citations omitted; internal quotation marks omitted; emphasis in original.) ImperialCasualty And Indemnity Co. v. State, 246 Conn. 313, 323-24, ___ A.2d ___ (1998).
PAIC contends that Miranda Jr.'s conduct is not covered by the existing commercial policy, which provides the following exclusion: "In consideration of the premium charged it is hereby understood and agreed that this policy will not provide coverage meaning indemnification or defense costs arising out of `Bodily Injury' or `Property Damage' resulting from assault and battery or physical altercations that occur on or near the insured's premises 1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the insured's employees, patrons or other persons on the insured's premises, or 2) Whether or not caused by or arising out of the insured's failure to properly supervise[2] or keep the insured's premises in a safe condition." (Third Party Complaint, Ex. A).
The language of the policy makes plain the parties' intent to exclude from coverage acts arising out of an assault or battery occurring on the premises. Therefore, the plaintiff's allegations in count two clearly constitute actions by the insureds which are beyond the realm of coverage, and PAIC had no duty to defend or indemnify with regard to count two of the plaintiff's amended complaint. The plaintiff's claims against the defendants in count three, however, do not allege that his injuries were caused by an assault and battery, but rather through the defendants' negligent supervision of employees.
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . . It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. . . . CT Page 10733 The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . [T]his rule of construction favorable to the insured extends to exclusion clauses." (Citations omitted; internal quotation marks omitted.) Imperial Casualty AndIndemnity Co. v. State, supra, 246 Conn. 324-25.
The exclusion at issue here involves instances where an assault and battery causes bodily injury or property damage. Again, the plaintiff has not alleged in count three that his injuries were caused by the assault and battery, but by Miranda's negligent supervision of his employees. Such allegations do not trigger the assault and battery exclusion to the policy, since they entail a negligence claim. Accordingly, PAIC's motion for summary judgment as it pertains to count three is denied.
Count one also includes allegations that Miranda, Jr. negligently assaulted the plaintiff. Specifically, the plaintiff alleges that Miranda, Jr. "negligently lunged at the Plaintiff." The plaintiff characterizes this action as an assault.
In Maryland Casualty Ins. Co. v. Carpentino, Superior Court, judicial district of New Haven at New Haven, Docket No. 354603 (January 22, 1997, DeMayo, J.T.R.), the court was faced with a similar allegation of "negligent assault." The court inCarpentino attempted to determine the intent of the attacker by reviewing the occurrence in question and the particular actions of the attacker. There, the court was aided by the supporting evidence provided by the parties in determining that the tortfeasor could only have acted in an intentional manner, and thus outside the policy. Here, however, no relevant affidavits, depositions or incident reports have been submitted. Therefore, there is no evidence from which the court may determine what the intent of Miranda, Jr. was when he negligently lunged at the plaintiff. This in turn means that there exists a genuine issue of material fact concerning whether Miranda, Jr.'s actions were negligent or intentional.[3] See Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 275, 709 A.2d 558 (1998) (intent is a question of fact). Accordingly, PAIC's motion for summary judgment is also denied as it pertains to count one of the plaintiff's amended complaint.[4]
THOMAS NADEAU, J. CT Page 10734